# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Frank Miguel Leon,<br>          Petitioner,<br>vs.<br>Charles Ryan, et al.,<br>          Respondents. | No. CV-10-276-RCC-DTF<br><br>**REPORT & RECOMMENDATION** |

Petitioner Frank Miguel Leon has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before the Court are the Petition (Doc. 1), Respondents' Answer (Doc. 9), and Petitioner's Reply (Doc. 13). The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the Petition.

## **FACTUAL AND PROCEDURAL BACKGROUND**

On July 20, 2005, Petitioner pled guilty to one count of negligent homicide and one count of leaving the scene of an accident involving death. (Doc. 9, Ex. B at 52.) Petitioner's Presentence Report (PSR) listed multiple prior convictions: one felony drug conviction, one misdemeanor drug conviction, and two nonviolent or property misdemeanors. (Doc. 1, App. 1, Ex. D.) At sentencing, the judge individually identified the four prior convictions contained within the PSR as the basis for a criminal history aggravating factor. (Doc. 9, Ex. B at 51.) Trial counsel did not contest the accuracy of the felony drug charge. Petitioner was

sentenced to the presumptive term on each count – six years for negligent homicide and three and a half years for leaving the scene of the accident – to be served consecutively. (*Id*. at 52-53.)

On March 17, 2008, Petitioner filed a post-conviction relief (PCR) petition in the Pima County Superior Court, citing two grounds for relief, ineffective assistance of trial counsel and a due process violation, both arising from the trial judge's reliance on inaccurate information at sentencing. (Doc. 9, Ex. E at 2.) The PCR judge, who was also the sentencing judge, acknowledged that Petitioner's prior marijuana conviction was a misdemeanor not a felony as erroneously identified at sentencing. (Doc. 9, Ex. F at 1.) However, the court concluded the error did not prejudice Petitioner:

> In imposing sentence, the Court cited the defendant's <u>prior criminal record</u> as one of three aggravating factors. The Court also found as aggravating factors the great emotional harm the defendant caused his victims and the risk of physical harm he created for non-victims. Thus, the marijuana conviction at issue was only a subpart of one aggravating factor. Had the Court known at the time that the marijuana offense had been designated as a misdemeanor instead of a class 6 felony, it still would have found the defendant's "criminal record" to be an aggravating factor. More importantly, the Court would have weighed the aggravating and mitigating factors in the same manner.

(*Id.* (internal citations omitted).) The court denied relief on Petitioner's PCR petition. (*Id.*)

Petitioner sought relief in the Arizona Court of Appeals, which concluded the sentencing record supported the PCR court's ruling that "the marijuana conviction at issue was only a subpart of one aggravating factor and that its erroneous designation as a felony did not alter the overall aggravating effect of Leon's criminal record." (Doc. 9, Ex. C at 4-5.) The appellate court denied relief finding that Petitioner did not "demonstrate that false information formed part of the basis of the sentence." (*Id.* at 5.) The Arizona Supreme Court denied review. (Doc. 9, Ex. J.)

**<u>DISCUSSION</u>**

Petitioner alleges that his right to due process was violated by the judge's use of erroneous information as the basis of his sentence, and that his counsel was ineffective for

failing to correct the error. Respondents concede the Petition is timely and properly exhausted (Doc. 9 at 5-6) but argue it fails on the merits.

**AEDPA Standard**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a "substantially higher threshold for habeas relief" with the "acknowledged purpose of 'reducing delays in the execution of state and federal criminal sentences.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)). The AEDPA's "'highly deferential standard for evaluating state-court rulings' . . . demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)).

Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

"The threshold question under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. Clearly established federal law consists of the holdings of the Supreme Court at the time the petitioner's state court conviction became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Clark v.*

*Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

The Supreme Court has provided guidance in applying each prong of § 2254(d)(1). The Court has explained that a state court decision is "contrary to" the Supreme Court's clearly established precedents if the decision applies a rule that contradicts the governing law set forth in those precedents, thereby reaching a conclusion opposite to that reached by the Supreme Court on a matter of law, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Williams*, 529 U.S. at 405-06; *see Early v. Packer,* 537 U.S. 3, 8 (2002) (per curiam). However, a state court decision is not rendered contrary to clearly established Supreme Court law solely by lack of citation to that law. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (noting that a state court need not even be aware of controlling Supreme Court law as long as "neither the reasoning nor the result" of its decision contradicts that law). Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court may grant relief where a state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407.

**Due Process**

The Supreme Court holds that a sentence based on materially untrue assumptions concerning a defendant's criminal history violates due process. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Thus, a sentence founded on "misinformation of constitutional magnitude" cannot stand. *United States v. Tucker*, 404 U.S. 443, 447 (1972). The ultimate question is whether Petitioner's sentence might have been different if the judge had known that he did not have a felony drug conviction but, rather, a second misdemeanor drug conviction. *See id.* at 448. As explained by the Ninth Circuit, a petitioner is required to establish that the challenged information "demonstrably made the basis for the sentence." *Jones v. United States*, 783 F.2d 1477, 1480 (9th Cir. 1986). In answering the question posed by *Tucker*,

courts may consider the judge's own recollection. *Farrow v. United States*, 580 F.2d 1339, 1353 (9th Cir. 1978).

As pointed out by the sentencing judge, the felony was one of four prior convictions comprising the criminal history aggravating factor, which was one of three aggravating factors. (Doc. 9, Ex. F at 1.) However, when balanced with the mitigation, Petitioner was sentenced only to the presumptive term. (Doc. 9, Ex. B at 52.) Most significantly, in deciding the PCR petition, the sentencing judge determined that there would have been no change in Petitioner's sentence if the court had known that the conviction at issue was a misdemeanor rather than a felony. (Doc. 9, Ex. F at 1.) Based on this evidence, Petitioner's sentence would not have been different absent the erroneous information in the PSR, and his right to due process was not violated. Further, because the sentencing judge already considered Petitioner's corrected criminal history and concluded that it would not have changed the sentence he imposed, to send the case back for resentencing "would be a looking-glass exercise in folly." *Gerlaugh v. Stewart*, 129 F.3d 1027, 1036 (9th Cir. 1997). The relief Petitioner seeks in this Court – reconsideration of his sentence based on accurate information – has already been given by the state courts. *See id.*

The state court's denial of this claim was not an unreasonable application of clearly established federal law.

**Ineffective Assistance of Trial Counsel**

Ineffective assistance of counsel (IAC) claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under *Strickland*, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficiency prejudiced the defense. 466 U.S. at 687-88.

Because an IAC claim must satisfy both prongs of *Strickland*, the reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697 ("if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed"). A petitioner must affirmatively prove prejudice. *Id.* at

693. To demonstrate prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The calculus involved in assessing prejudice "should proceed on the assumption that the decision-maker is reasonably, conscientiously, and impartially applying the standards that govern the decision." *Id.* at 695.

In arguing this claim, Petitioner conceded he could not satisfy the reasonable probability standard when he argued that "it is impossible to say with certainty what sentence might have been imposed." (Doc. 1 at 24.) Further, as concluded in Claim 1, if counsel had corrected Petitioner's criminal history at sentencing the court would not have changed the term of his imprisonment. Because he cannot establish a reasonable probability that the outcome of his sentencing would have been different, he fails to demonstrate actual prejudice. The state courts did not unreasonably apply *Strickland* in denying this claim.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-10-276-RCC**.

DATED this 9th day of August, 2011.

D. Thomas Ferraro
United States Magistrate Judge