IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Miguel Leon,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. 10-CV-276-TUC-RCC<br><br>**ORDER** |

Pending before the Court is the August 9, 2011, Report and Recommendation (R&R) from Magistrate Judge Ferraro (Doc. 14) recommending that this court dismiss Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner timely filed objections to the R&R (Doc. 15), and the objections have been fully briefed. For the following reasons, this court will adopt the R&R.

**I.      BACKGROUND**

On July 20, 2005, Petitioner entered a guilty plea in Pima County Superior Court to one count of negligent homicide and one count of leaving the scene of an accident involving a death. Petitioner's Presentence Report (PSR) listed four prior convictions: one felony drug conviction, one misdemeanor drug conviction, and two non-violent or property misdemeanors. The trial judge relied on these four prior convictions as the basis for finding a criminal history aggravating factor. Petitioner's trial counsel did not contest the accuracy of the felony drug charge. Petitioner was then sentenced to the presumptive term on both

counts – six years for negligent homicide and three and a half years for leaving the scene of an accident – to be served consecutively.

Petitioner thereafter filed a post-conviction relief (PCR) petition in Pima County Superior Court, citing two grounds for relief: ineffective assistance of counsel (IAC) and a due process violation. Both of Petitioner's PCR claims were based on the trial judge's reliance on inaccurate information at sentencing. The PCR judge, the same judge who sentenced Petitioner, acknowledged that Petitioner's prior marijuana conviction was a misdemeanor and not a felony as erroneously identified in the PSR and at sentencing. However, the judge concluded that this error did not prejudice Petitioner, stating:

> In imposing sentence, the Court cited the defendant's <u>prior criminal record</u> as one of three aggravating factors. The Court also found as aggravating facts the great emotional harm he created for non-victims. Thus, the marijuana conviction at issue was only a subpart of one aggravating factor. Had the Court known at the time [of sentencing] that the marijuana offense had been designated as a misdemeanor instead of a class 6 felony, it still would have found the defendant's "criminal record" to be an aggravating factor. More importantly, the Court would have weighed the aggravating and mitigating factors in the same matter.

(Doc. 9, Exh. F at 1). Thus, the court denied relief on Petitioner's PCR petition. Petitioner then sought relief in the Arizona Court of Appeals, which affirmed the PCR court's ruling. The Arizona Supreme Court denied review, and Petitioner subsequently filed a habeas petition in district court (Doc. 1) pursuant to 28 U.S.C. § 2254. .

**II.    LEGAL STANDARD**

The duties of the district court in connection with a R&R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U .S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. FED.R.CIV.P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court will not disturb a Magistrate Judge's Order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision ... is entitled to great deference by the district court." *United States v. Abonce-Barrera,* 257 F.3d 959, 969 (9th Cir.2001). Where the parties object

to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985).

**III.    DISCUSSION**

In the R&R, the Magistrate Judge recommended that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus because Petitioner failed to show he was prejudiced by the sentencing judge's findings as to Petitioner's criminal history. The Magistrate Judge noted that the state court judge who ruled on Petitioner's PCR petition is the same judge that sentenced Petitioner. Therefore, the Magistrate Judge found that "[t]he relief Petitioner seeks in [district court] – reconsideration of his sentence based on accurate information – has already been given by the state courts" and "to send the case back to state court for resentencing 'would be a looking-glass exercise in folly.'" (Doc. 14 at p. 5) (citing *Gerlaugh v. Stewart*, 129 F.3d 1027, 1036 (9th Cir. 1997)).

Petitioner makes five objections to the R&R. First, Petitioner claims the Magistrate Judge incorrectly identified the ultimate question to be resolved. The Magistrate Judge found that, with respect to Petitioner's due process claim, "[t]he ultimate question is whether Petitioner's sentence might have been different if the judge had known that he did not have a felony drug conviction but, rather, a second misdemeanor drug conviction." (Doc. 14 at p. 4). This Court agrees with the Magistrate Judge's description of the ultimate question, as it came directly from *United States v. Tucker*, 404 U.S. 443, 448 (1972), which involved similar facts.

Petitioner argues that the Magistrate Judge "conflate[d] the concept of a due process violation arising from ineffective assistance of counsel . . . with the concept of a due process violation arising from sentencing based upon materially false criminal history information, which does not require a showing of prejudice[.]" (Doc. 15 at p. 3). Petitioner also argues that the mere fact that the trial judge considered inaccurate criminal history information during sentencing is grounds for re-sentencing, and this Court should not speculate on how the sentencing judge's decision may or may not have been affected had he been presented

with accurate criminal history information.

Even if these contentions are true, Petitioner nonetheless received the relief he seeks in his habeas petition when the sentencing judge considered the corrected criminal history information during the PCR hearing and concluded that the sentence would have been the same had he been aware of the discrepancy at sentencing. This Court does not have to speculate as to what the sentencing judge may have done.

In his next two objections, Petitioner argues that the Magistrate Judge's interpretation of *United States v. Tucker* and *Townsend v. Burke* was incorrect. The Magistrate Judge did not err in citing to *Tucker* for the ultimate question. Moreover, in *Townsend*, the Supreme Court determined that the prisoner's due process rights were violated when he "had no opportunity to correct" the inaccurate information used to determine his sentence. 334 U.S. 736, 741 (1948). That is not the case here. Petitioner was able to correct the information, and the judge who sentenced him determined that this new information would not change Petitioner's sentence.

In his fourth objection to the R&R, Petitioner states that the Magistrate Judge erred in analyzing his IAC claim. Petitioner states that "relief is mandatory unless the reviewing court can determine beyond a reasonable doubt that the error did not affect the sentence." (Doc. 15 at p. 7). This Court can determine beyond a reasonable doubt that the error did not affect Petitioner's sentence, as the sentencing judge has already acknowledged the error and stated that his sentencing decision would have been the same.

Finally, Petitioner objects to the Magistrate Judge Ferraro's reference to *Gerlaugh v. Stewart*, 129 F.3d 1027 (9th Cir. 1997). In *Gerlaugh*, the Ninth Circuit stated:

> [T]o send this case back to the state trial court to hear the evidence counsel failed to develop or to introduce . . . would be a looking-glass exercise in folly. The trial and sentencing judge has already considered *all* of this information in the post-conviction hearing and has held that none of it would have altered his judgment as to the proper penalty for Gerlaugh.

*Id*. This is almost identical to the facts of the current case, where the sentencing judge has considered the corrected criminal history information and determined that it would not have

- 4 -

altered his judgment as to Petitioner's sentence.

This Court finds, after consideration of all matters presented, including the objection, and after an independent review of the record herein, that the findings of the Magistrate Judge as set forth in the Report and Recommendation shall be accepted and adopted as the findings of fact and conclusions of law of the Court.

**IV. CERTIFICATE OF APPEALABILITY**

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b)(1). Federal Rule of Appellate Procedure 22(b) requires the district court that rendered a judgment denying a petition made pursuant to 28 U.S.C. § 2254 to "either issue a certificate of appealability or state why a certificate should not issue." Additionally, 28 U.S.C. § 2253(c)(2) provides that a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In the certificate, the court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. § 2253(c)(3). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Upon review of the record, and in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the petition is not debatable among reasonable jurists and does not deserve further proceedings. Accordingly,

1. **IT IS ORDERED** that Magistrate Judge Ferraro's Report and Recommendation (Doc. 14) is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court.

**IT IS FURTHER ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **denied** without leave to amend, and this action is **dismissed with prejudice**, and the Clerk shall enter judgment and close this case.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

DATED this 20th day of December, 2011.

Raner C. Collins
United States District Judge